FILED

2019 JUN 12 AM 11:50

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INFORMATION |
| Plaintiff, ) | |
| ) | 1:19 CR 363 |
| v. ) | CASE NO. _____ |
| ) | Title 18, United States Code |
| KATRINA L. GURNEY, ) | Sections 371 and 641 |
| RONALD R. GURNEY, ) | |
| ) | JUDGE NUGENT |
| Defendants. ) | |
| ) | MAG. JUDGE PARKER |

The United States Attorney charges:

GENERAL ALLEGATIONS

At all times material and relevant to this Information:

1. Defendants KATRINA L. GURNEY and RONALD R. GURNEY, resided together in the Northern District of Ohio, Eastern Division.

2. Defendants KATRINA L. GURNEY and RONALD R. GURNEY have been married to each other since 1998. From at least in or around March 2003 and continuing until after in or around January 2018, RONALD R. GURNEY was employed by multiple businesses on a full-time or part-time basis.

Supplemental Security Income Benefits

3. The Social Security Administration ("SSA") was an independent agency of the United States within the United States government that administered programs under the Social Security Act, Title 42, United States Code, Section 301, et seq. These programs included

Supplemental Security Income ("SSI") for the Aged, Blind, and Disabled and related programs under Title XVI of this Act.

4. The SSI program paid monthly cash benefits to individuals who had been found by SSA to be medically disabled and who have been found by SSA to be eligible for SSI on the basis of financial need, as determined in relation to both income and resources, as defined by the Act. The amount of benefit depended upon: (1) how much other income the beneficiary received; (2) the beneficiary's living arrangements; and (3) other circumstances affecting the beneficiary's financial needs. Eligibility for SSI was conditioned on the beneficiary providing complete and accurate information to SSA regarding income and living arrangements, both at the time of application and on an ongoing basis.

5. In or around May 2001 and June 2002, KATRINA L. GURNEY filed two applications for SSI benefits. In both applications, KATRINA L. GURNEY reported that she was not married and did not report that she lived with RONALD R. GURNEY. However, SSA denied both applications because KATRINA L. GURNEY did not meet the medical requirements for benefits. After a successful appeal, KATRINA L. GURNEY began receiving monthly SSI payments in or around March 2003. At no time did KATRINA L. GURNEY report RONALD R. GURNEY in her household or the income he earned.

Housing Choice Voucher Program Benefits

6. The United States Department of Housing and Urban Development ("HUD") was an independent agency of the United States within the United States government that administered programs under the U.S. Housing Act of 1937. Among the provisions of this Act is the Housing Choice Voucher Program ("HCVP") (Section 8), Title 42, United States Code, Section 1437f, which provides for financial assistance payments for low-income families so that they may obtain quality housing in the private market. HUD provides funds to allow Public

Housing Authorities ("PHAs"), such as the Mansfield Metropolitan Housing Authority ("MMHA"), to make housing assistance payments on behalf of eligible families. HUD also pays the PHA a fee for the costs of administering the program.

7. After a low-income family is selected by the PHA to participate in the HCVP and has located a reasonable dwelling, the landlord and the voucher holder execute a rental agreement, while the landlord and PHA execute a Housing Assistance Payment ("HAP") Contract. Both the rental agreement and HAP Contract must identify by name the family members who will reside in the rental unit. Further, the HAP Contract states no one may reside in the unit without the approval of the PHA.

8. After the PHA determines the appropriate monthly rent for the unit, the PHA must calculate the amount of housing assistance it will provide the family. PHA requires the family to pay at least 30% of the family's monthly-adjusted gross income for rent and utilities, the family must report any changes in the family's income. Voucher holders are regularly informed that providing false statements or information can be grounds for termination of housing assistance and criminal prosecution under federal or state laws. The PHA requires the voucher holder to complete signed certification forms on a regular basis that identifies all family members living in the household and their respective income.

9. On or about April 19, 2002, KATRINA L. GURNEY applied for subsidized housing benefits from the MMHA, a PHA, under the HCVP. As a part of her application, KATRINA L. GURNEY did not report that RONALD R. GURNEY lived in her household and further excluded RONALD R. GURNEY's wage and earnings from her household income. On or about February 25, 2004, KATRINA L. GURNEY submitted another application for subsidized housing where she failed to report her household income accurately or that RONALD R. GURNEY as a member of her household.

10. On or about March 8, 2004, based on KATRINA L. GURNEY's multiple false statements, MMHA granted KATRINA L. GURNEY with a housing voucher under the HCVP. KATRINA L. GURNEY received the benefit of the HCVP from on or about March 8, 2004 until she moved to a non-qualifying home on or about March 1, 2015. During this time, KATRINA L. GURNEY submitted at least 18 periodic certification forms to MMHA in which she failed to disclose RONALD R. GURNEY's presence in the household or his wage and earnings.

## COUNT 1
(Conspiracy to Defraud the United States, 18 U.S.C. § 371)

The United States Attorney further charges:

11. The allegations set forth in paragraphs 1 through 5 of this Information are re-alleged and incorporated by reference.

12. From in or around March 2003 and continuing until in or around January 2018, in the Northern District of Ohio, Eastern Division, Defendants KATRINA L. GURNEY and RONALD R. GURNEY, knowingly and willfully conspired and agreed together and with each other to commit the following offense, that is: to willfully and knowingly steal, purloin and convert to their own use, and without authority dispose of property of the United States exceeding $1,000.00 in value belonging to the United States Social Security Administration ("SSA"), an agency of the United States, to wit: Title XVI Supplemental Security Income ("SSI") benefits, in the amount of approximately $76,408.77, in violation of Title 18, Section 641, United States Code.

## MANNER AND MEANS OF THE CONSPIRACY

13. It was a part of the conspiracy and scheme to defraud that KATRINA L. GURNEY and RONALD R. GURNEY did defraud SSA of SSI benefits payments totaling approximately $76,408.77 that belonged to the United States that KATRINA L. GURNEY and RONALD R. GURNEY were not legally entitled to receive. By fraudulently reporting to SSA

that RONALD R. GURNEY did not live in the same home as KATRINA L. GURNEY, the recipient of SSI program benefits, KATRINA L. GURNEY and RONALD R. GURNEY purposely ensured that the RONALD R. GURNEY's income would not be considered in determining KATRINA L. GURNEY's continued right to any SSI benefits based upon her living arrangement, income and resources.

14. It was further part of the conspiracy and scheme to defraud that Defendants KATRINA L. GURNEY and RONALD R. GURNEY made numerous false statements and enlisted others to provide false statements to SSA regarding the Defendants' living arrangements in order to affect KATRINA L. GURNEY's eligibility for SSI benefits. In truth, and in fact, as Defendants well knew, KATRINA L. GURNEY was not entitled to SSI benefits because she lived with RONALD R. GURNEY from before in or around March 2003 and continuing until after in or around January 2018.

## OVERT ACTS

15. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Northern District of Ohio, Eastern Division, and elsewhere:

    a. On or about November 27, 2007, KATRINA L. GURNEY submitted a statement to SSA in which she falsely certified that RONALD R. GURNEY does not live with her and the two "separated prior to June 2002."

    b. On or about December 14, 2010, KATRINA L. GURNEY provided information to SSA in an official redetermination interview to determine her eligibility for SSI benefits. In this interview, KATRINA L. GURNEY did not disclose to SSA that RONALD R. GURNEY was a member of her household. Further, KATRINA L. GURNEY falsely stated to

SSA that she had been separated from RONALD R. GURNEY since 2000 and had not lived with him since that date.

  c. On or about March 4, 2011, RONALD R. GURNEY submitted a statement to SSA in which he falsely certified that he did not live with KATRINA L. GURNEY and further claimed, "this is the third time [he] has had to do this; this is getting to get old."

  d. On or about November 17, 2016, KATRINA L. GURNEY provided information to SSA in an official redetermination interview to determine her eligibility for SSI benefits. In this interview, KATRINA L. GURNEY did not disclose to SSA that RONALD R. GURNEY was a member of her household. Further, KATRINA L. GURNEY falsely stated to SSA that she had been separated from RONALD R. GURNEY since "at least 1999 or 2000."

  e. On or about December 7, 2016, KATRINA L. GURNEY provided SSA with two letters from T.J., a person known to the United States Attorney, without T.J.'s knowledge or consent, falsely stating that no one lives with KATRINA L. GURNEY.

  f. On or about March 21, 2017, KATRINA L. GURNEY provided SSA with a letter from G.B., a person known to the United States Attorney, falsely stating the RONALD R. GURNEY does not live with KATRINA L. GURNEY.

  g. On or about August 19, 2017, KATRINA L. GURNEY provided SSA with a letter from K.E., a person known to the United States Attorney, falsely stating the RONALD R. GURNEY does not live with KATRINA L. GURNEY.

  h. On or about August 29, 2017, KATRINA L. GURNEY submitted to SSA a written request for reconsideration in order to receive further SSI benefits. In this request, KATRINA L. GURNEY falsely certified that RONALD R. GURNEY did not live with her.

      i.      On or about October 29, 2017, at the request of RONALD R. GURNEY, D.B., a person known to the United States Attorney, provided a written statement to SSA falsely certifying that RONALD R. GURNEY lived with D.B. for the previous two years.

      j.      On or about January 24, 2018, KATRINA L. GURNEY submitted to SSA a written request for a hearing in order to receive further SSI benefits. In this request, KATRINA L. GURNEY falsely certified that RONALD R. GURNEY did not live with her.

      k.      From in or around March 2003 and continuing until in or around August 2017, KATRINA L. GURNEY received approximately 173 SSI benefit payments totaling approximately $76,408.77 by direct deposits into a checking account, with account number ending in 2928, held at PNC Bank. KATRINA L. GURNEY withdrew the SSI funds by means of debit purchases and cash withdrawals from the account.

All in violation of Title 18, Section 371, United States Code.

## COUNT 2
(Theft of Government Property, 18 U.S.C. § 641)

The United States Attorney further charges:

16.    The allegations set forth in paragraphs 1 through 5 and 12 through 15 of this Information are re-alleged and incorporated by reference.

17.    From in or around March 2003 and continuing until in or around August 2017, in the Northern District of Ohio, Eastern Division, Defendants KATRINA L. GURNEY and RONALD R. GURNEY, in a continuing course of conduct, willfully and knowingly did steal, purloin and convert to his or her own use, and without authority dispose of property of the United States exceeding $1,000 in value belonging to the United States Social Security Administration, an agency of the United States, to wit: Title XVI Supplemental Security Income Benefits in the amount of approximately $76,408.77, in violation of Title 18, United States Code, Section 641.

COUNT 3
(Theft of Government Property, 18 U.S.C. § 641)

The United States Attorney further charges:

18. The allegations set forth in paragraphs 1, 2, and 6 through 10 of this Information are re-alleged and incorporated by reference.

19. From in or around March 2004 and continuing until in or around March 2015, in the Northern District of Ohio, Eastern Division, Defendant KATRINA L. GURNEY, in a continuing course of conduct, willfully and knowingly did steal, purloin, and convert to her own use, and without authority dispose of property of the United States exceeding $1,000 in value belonging to the United States Department of Housing and Urban Development, an agency of the United States, to wit: Housing Choice Voucher Program benefits in the amount of approximately $47,265, in violation of Title 18, United States Code, Section 641.

JUSTIN E. HERDMAN
United States Attorney

By: *[signature]*
Edward F. Feran, Chief
General Crimes Unit